### UNITED STATES ex rel. CORBIN v. DOYLE, President Board of Education et al.

#### No. 86356.

District Court of the United States for the District of Columbia.

Jan. 29, 1937.

Perry Howard, James A. Cobb, and George E. C. Hayes, all of Washington, D. C., for plaintiff.

Elwood Seal, Corp. Counsel District of Columbia, and T. Gillespie Walsh, Asst. Corp. Counsel, both of Washington, D. C., for defendants.

ADKINS, Justice.

Petitioner asks a writ of mandamus to compel the members of the Board of Education of the District of Columbia to appoint her to a position as teacher of Latin in the Public School System of the District of Columbia.

The question depends upon the proper construction of a number of rules adopted by the Board of Education dealing with the eligibility requirements effective July 1, 1933, of candidates for appointment to positions in the Junior High Schools, Class 2, Group C.

Rules on the subject were approved by the Board of Education on June 26, 1929, July 1, 1929, November 20, 1929, and May 3, 1933.

The rule of July 1, 1929, provides that after July 1, 1933, possession of a master's degree from an accredited college shall be essential to appointment as teacher in the Junior High Schools. School Document 28 (published in 1930) repeats this provision. The report of the superintendent of schools made to the Board of Education on April 5, 1933, shows the general understanding that effective July 1, 1933, a master's degree would be required. The rule adopted May 3, 1933, expressly provides that a master's degree shall be essential. These documents all tend to show that the construction of the rules finally adopted by the Board of Education is correct.

On the other hand, the rule of November 20, 1929, provides two alternative qualifications effective July 1, 1933, viz.: A master's degree from an accredited college or a bachelor's degree from an accredited teacher's college requiring a four-year professional course of study, such graduate to have had at least five years' experience as a teacher in a high school. Petitioner

was qualified under the second alternative but did not possess a master's degree.

The circular dated February 25, 1933, fixing the schedule for the regular spring examinations to be held in 1933 specified the alternative requirements as set forth in the rule of November 20, 1929, just mentioned.

Petitioner was permitted to take the examination in April and May, 1933. Upon passing, her name was reported to the Board of Education, and in July, 1933, was placed upon the list of eligibles from which appointments were to be made to the Junior High School, and remained on that list until removed in September, 1934.

Thus the case is one which depends upon the construction of a number of rules. From the pleadings it appears that the members of the Board of Education have considered the matter at length; it was twice referred to a committee, and this committee gave a hearing to petitioner and her counsel. The superintendent of schools and his assistant finally were of opinion that petitioner was correct and so reported to the Board of Education. Upon consideration of all this the members of the Board of Education reached the conclusion that plaintiff was not eligible to appointment as a teacher in the Junior High School after July 1, 1933; that the placing of her name upon the list of eligibles was erroneous; that it was properly removed when the error was called to the attention of the Board in September, 1934.

At the former hearing I thought the position finally taken by the Board of Education was correct. The amended pleadings and the subsequent argument show that there is much to be said on the other side. But in my opinion the construction adopted by the Board is reasonable and permissible under the rules.

I think the case is controlled by Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809. The court said: "Where the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there be provision or implication to the contrary. But where the duty is not thus plainly prescribed, but depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."

Therefore the demurrer to the amended replication will be sustained. The parties will please agree upon the form of order to be submitted.